MICHAEL DUBININ, Plaintiff-Appellant, v. SALLY WARD, Director, Department of Employment Security, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 84—2701

Opinion filed October 7, 1985.

Nelson A. Brown and William J. Martinez, both of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Patricia Rosen, Assistant Attorney General, both of Chicago, of counsel), for appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Michael Dubinin, brought an administrative review action in the circuit court of Cook County (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) seeking to set aside a decision of the Illinois Department of Employment Security, Board of Review (Board). The Board had found, pursuant to section 601(A) of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 431(A)), that plaintiff was ineligible for unemployment insurance benefits because he voluntarily left his job without good cause attributable to the employer. The circuit court affirmed the decision of the Board, and plaintiff appeals, contending that the decision is against the manifest weight of the evidence.

On November 24, 1981, plaintiff was hired by Kepner Products Company (employer) as a tool grinder. Sometime prior to May 13, 1983, the date on which plaintiff quit, his job duties had been increased to include the tasks of equipment washer and tool room attendant. His work load was further increased when his apprentice left the company on March 1, 1983. The employer opposed plaintiff's claim for unemployment insurance benefits, and plaintiff submitted a claimant information sheet stating that he left work because job-related pressures were affecting his health. The claims adjudicator denied benefits on the ground that plaintiff had "left work voluntarily

without good cause attributable to the employing unit \*\*\*." (Ill. Rev. Stat. 1983, ch. 48, par. 431(A).) Plaintiff filed an application for reconsideration of the claims adjudicator's determination in which he alleged that: (1) the employer unilaterally increased his job duties to include tasks which exposed him to toxic fumes and excessive dust, thus injuring his health; (2) the lack of proper equipment caused arguments with the shop inspector; (3) the grinding equipment was inadequate; (4) there were no window shades to keep out the sunlight while plaintiff worked; (5) the foreman talked about personal problems and criticized co-workers; and (6) constant interruptions, which the employer failed to correct, caused him to develop a nervous condition and high blood pressure. The application was unsuccessful and plaintiff appealed.

Plaintiff appeared *pro se* at an administrative hearing at which the employer was unrepresented. Plaintiff explained that the employer's action in increasing his job duties adversely affected his health by causing him to suffer excessive pressure and by exposing him to grinding dust and chemical fumes, for which no proper ventilation was provided. Plaintiff tried wearing a mask, but discontinued it because it was uncomfortable. When he complained about his increased workload, the employer responded that it was a small shop and that he should be willing to do the additional duties. Plaintiff also testified that he was having problems with co-workers, who were demanding and critical. Plaintiff added that the equipment was outdated, which required him to repeat much of the work, his foreman talked about personal problems, and there were no window shades to keep out the sunlight while he worked.

When asked about his doctor's advice, plaintiff stated, "All doctor told me was that I was mainly, it was mainly up to me. That I am working there and that I should know if I should to continue to work or should not work. If I can handle the pressure or not." The doctor also told plaintiff that he had very high blood pressure. This fact was documented by a medical report from the Veterans Administration. Plaintiff informed the employer that he was leaving because of health problems and because the shop was too far from his home. The hearing referee affirmed the denial of benefits, finding that plaintiff failed to establish that he was treated unfairly, that the interruptions to his work were unreasonable or that his physician deemed him physically unable to work. The denial of benefits was affirmed both by the Board and by the circuit court on administrative review.

On appeal, plaintiff advances two arguments to support his contention that the Board's decision was against the manifest weight of

the evidence. First, he argues that he is entitled to benefits pursuant to section 601(B)(1) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 431(B)(1)) because he was deemed physically unable to perform his work by a licensed and practicing physician. Second, he maintains that substantial, unilateral job changes made by the employer constituted good cause for leaving his employment.

Although section 601(A) provides that a person is ineligible for benefits if he voluntarily leaves his job without good cause attributable to the employer, section 601(B)(1) provides:

"The provisions of this Section shall not apply to an individual who has left work voluntarily:

1. Because he is deemed physically unable to perform his work by a licensed and practicing physician ***."

■■ Plaintiff's first contention is that the evidence established that he left work upon the advice of his physician. The only reference made with respect to such advice was plaintiff's testimony that "[a]ll doctor told me was that I was mainly, it was mainly up to me. That I am working there and that I should know if I should continue to work or should not work. If I can handle the pressure or not." Citing *Flex v. Board of Review* (1984), 125 Ill. App. 3d 1021, 466 N.E.2d 1050, plaintiff argues that this statement should be interpreted as an indication by his physician that he was physically unable to perform his work.

In *Flex v. Board of Review* (1984), 125 Ill. App. 3d 1021, 1025, 466 N.E.2d 1050, this court held that, "Since a physician cannot be expected to know the implications of his advice for the receipt of unemployment insurance, it is unreasonable to require that he employ the exact wording of the statute." Thus, such advice is subject to interpretation in the context of whether a plaintiff is entitled to unemployment benefits. However, *Flex* does not stand for the proposition that any statement by a physician, no matter how ambiguous or equivocal, will satisfy the statutory requirement. In our judgment, the Board properly found the statement in question insufficient to establish that plaintiff left work upon the advice of a physician.

■■ Plaintiff's second contention is that the employer's action in unilaterally changing his job duties constituted good cause for leaving his employment. Plaintiff relies primarily upon *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 465 N.E.2d 576, as authority for this argument.

In *Davis v. Board of Review*, it was held that a substantial, unilateral change in the employment may render the job unsuitable and entitle the worker to benefits even if he leaves voluntarily. The *Davis*

case involved a plaintiff who voluntarily left her employment because of the stress she suffered after her job was changed from working as an administrator with a group of normal children to working as a teacher with a group of emotionally disturbed children, a job for which she was not trained. We find *Davis* distinguishable from the instant cause in which plaintiff, originally hired as a tool grinder, was later assigned additional duties as an equipment washer and tool room attendant. We believe that the Board could properly find that his additional duties did not constitute such a substantial job change as to constitute good cause for leaving the employment. It is legislatively established that the factual findings and conclusions of an administrative agency are considered *prima facie* true and correct. (Ill. Rev. Stat. 1983, ch. 110, par. 3—110.) In the case at bar, we find no reason to disturb the Board's finding that plaintiff left his employment without good cause attributable to the employer. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.